In re J.T.L., INC., and Jaydon Transport Lines, Inc., Debtor.

Norman W. PRESSMAN, Trustee, Plaintiff,

v.

BANK OF ST. LOUIS, Defendant.

Bankruptcy Nos. 82–00332(1), 82–00333(1).

Adv. No. 83–0079(1).

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 15, 1984.

Michael B. Stern, Clayton, Mo., for trustee.

Richard J. Schnidman, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

ROBERT E. BRAUER, Bankruptcy Judge.

In this Adversary Cause, the Plaintiff, a Chapter 11 Trustee, seeks the recovery from Defendant Bank of sums totaling $5,755.89 paid by the Debtor *post-petition,* as *interest* upon each of two promissory notes, each given by Debtor to evidence a debt arising out of the issuance and funding by the Bank, at Debtor's request, of a letter of credit. Recovery is sought under 11 U.S.C. §§ 549(a)(2)(B), and 550(a)(1).

Debtor's voluntary Chapter 11 petition was filed on February 17, 1982. The payments were made while Debtor was operating its business as a debtor in possession (11

U.S.C. §§ 1107, 1108), and before the appointment of the Plaintiff as Trustee.

Each of the (two) letters of credit was issued, upon Debtor's application, by the Bank, on May 13, 1981, (pre-petition). One of these letters is for $20,000, in favor of Transport International Pool; the other is for $45,000, in favor of the Hertz Corporation. Each was procured to assure the payment of certain obligations of the Debtor, to the named beneficiaries, arising out of the use of certain trucks and trailers delivered to the Debtor by the beneficiaries prior to the filing of the Chapter 11 petition.[1]

The $20,000 letter of credit was drawn upon by Transport International Pool, and paid by the Bank, on October 21, 1981. (pre-petition), [whereupon Debtor's liability to the Bank became absolute, fixed, non-contingent.] The $45,000 letter of credit was drawn upon by Hertz Corporation, and paid by the Bank on March 29, 1982 (post-petition). To evidence each of its funded obligations to the Bank, Debtor executed two unsecured demand promissory notes, each payable to the order of the Bank: one note is dated November 23, 1981, in the amount of $20,000; the other note is dated March 29, 1982, for $45,000. Each note bears interest, to be paid monthly.

Debtor paid $1,979.65 upon the $20,000 note, and $3,776.24 upon the $45,000 note, as *interest* payments—all were made post-petition, without any notice to creditors or without any order of this Court authorizing such payment, and made from funds belonging to the Debtor and constituting property of the estate. [Sec. 11 U.S.C. § 541(a)(1) and (7)]

. . . .

11 U.S.C. § 549(a)(2)(B) provides:

"(a) Except as provided in subsection (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(B) that is not authorized under this title or by the court."

11 U.S.C. § 363(c) permits a debtor-in-possession, where its business is lawfully being operated by it, to "enter into transactions, including the sale or lease of property of the estate, *in the ordinary course of business* without notice or a hearing." (emphasis supplied) 11 U.S.C. § 364(a) provides that if the debtor's business is operated, the debtor-in-possession "may obtain unsecured credit and incur unsecured debt in the *ordinary course of business* allowable under section 503(b)(1) of this title as an administrative expense.[2] (emphasis again supplied)

In respect of the interest paid upon the $20,000 note, the payment cannot be held to constitute a payment in the ordinary course of business within the meaning of Section 363(c). This is so whether the interest paid had actually accrued and had become due at the time the Chapter 11 petition was filed, or whether[3] the interest had accrued post-petition.

The phrase "ordinary course of business", as used in 11 U.S.C. 363(c), and 364(a), is not

---

1. This finding is based upon the parties stipulation in a Stipulation of Facts upon which this Cause was submitted. The Stipulation does *not* tell us whether Debtor continued to use the vehicles post-petition. The Stipulation is most meagre, probably because counsel for each party viewed the controversy in simple terms: the Trustee's position is that since each letter of credit was issued pre-petition, Debtor's liability to the Bank then became fixed (pre-petition), so that any interest, payable thereupon, which accrued post-petition, cannot be paid by the Debtor and escape recovery by the Trustee if not authorized by the Court. The Bank's position is that the interest accrued post-petition, and because it did, the liability therefor became an expense of administration, properly payable.

It should be noted, here, that the Stipulation filed by the parties does *not* tell us that the interest paid on the $20,000 note accrued post-petition.

2. An anticipated use of property of the estate, *not* in the ordinary course of business, by a debtor-in possession, operating its business, may be accomplished only after notice and a hearing 11 U.S.C. § 363(b). Debtor, as debtor-in-possession, did *not* notice its creditor community of its contemplated payment(s) of interest.

3. Upon the authority of *In re Iowa Premium Service Co., Inc.*, 695 F.2d 1109 (8 Cir., 1982).

defined by the Bankruptcy Code. It cannot, however, in my judgment, in the context of either section, be construed to permit of payments (uses of property of the estate) which are unequivocally inimical to the theory and philosophy of the Bankruptcy Code. That Code does not permit of the payment, post-bankruptcy, out of the property of the estate, of pre-petition debts, [*In re B & W Enterprises, Inc.,* 9 B.C.D. 1, 19 B.R. 421 (Bkrtcy., D.Idaho, 1982), aff'd, 713 F.2d 534 (9 Cir., 1983); *In re Dale Leon Swartout, etc.,* 20 B.R. 102, 9 B.C.D. 313, 315–316 (Bkrtcy., S.D.Ohio, 1982); *In re Diamond Reo Trucks, Inc.,* 3 B.C.D. 45, 12 C.B.C. 46, CCH Bankr.Law Repr. 66560 (Bkrtcy., W.D.Mich., 1977). Nor does it permit, generally, of the allowance and payment of interest, out of property of the estate, accruing post-petition upon unsecured pre-petition indebtedness.[4] 11 U.S.C. 502(b)(2), which codifies a "fundamental principal" of Bankruptcy law. *Sexton v. Dreyfus (In re Kessler & Co.),* 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55 L.Ed. 244 (1911). Accord: *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), *City of New York v. Saper,* 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949); *Vanston Bondholders Protective Committee v. Green,* 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946); *In re Twin Parks Ltd. Partnership,* 720 F.2d 1374 (4 Cir., 1983); *United States v. Kalishman,* 346 F.2d 514 (8 Cir., 1965), cert. den. 384 U.S. 1003, 86 S.Ct. 1913, 16 L.Ed.2d 1017 (1966).

Accordingly, the post-petition payment of interest upon the $20,000 note cannot be justified on the theory that it was authorized by 11 U.S.C. § 363(c) as a payment made in the ordinary course of business; nor, even if the interest paid did accrue post-petition,—a fact *not* stipulated to—it *cannot be said* to have been incurred in the ordinary course of business under 11 U.S.C. § 364(a), so to give rise to an administrative expense allowable under 11 U.S.C. § 503(b)(1).

I do not know of any other provision of the Bankruptcy Code which, arguably, might justify the payment. Accordingly, the Trustee is entitled to recover the interest payments, totaling $1,979.65, made upon the $20,000 note.

. . . .

▪ In respect of the rights to recover post-petition payments of interest upon the $45,000 note, executed to evidence Debtor's liability to the Bank upon its post-petition funding of the $45,000 letter of credit, obviously Debtor's liability to the Bank became absolute, fixed and non-contingent post-petition; and interest accruing upon the $45,000 note had to accrue, obviously, post-petition. Recognizing these things is not, however, tantamount, in my judgment, to a determination that the interest, accruing upon the note post-petition, was properly paid as an expense of administration or in the ordinary course of business. As, we are not told, by the parties' Stipulation, whether the Debtor's liability to Hertz, in respect of which the letter was funded, existed (in whole or in part) pre-petition. If all or any part of the debt to Hertz was incurred pre-petition, interest upon such pre-petition debt could not have been paid to Hertz post-petition out of property of the estate. And I know of no principal of commercial or bankruptcy law that would require or permit of the payment of such interest, to the Bank, upon Debtor's funded liability to it simply because the liability is pegged to a letter of credit which was funded post-petition. Debtor's liability to the Bank, upon its post-petition funding of the $45,000 letter of credit, became a substituted liability, substituted in lieu of Debtor's liability to Hertz, a substituted liability as that of a surety or co-debtor who makes a post-petition payment to a creditor of the principal Debtor, whose (the surety's or co-debtor's) claim is to be determined and allowed "the same as if the claim had become fixed before the date of the filing of the petition." 11 U.S.C. § 502(e)(2).

---

4. With the caveat that such interest may be allowed and paid if the value of the property of the estate is sufficient to pay the principal of all unsecured claims in full. The evidence (Stipu-

lated facts) does *not* show that such claims will be paid anything, much less does it show they will be paid in full.

If, however—again we are to remember that the parties' Stipulation does not tell us—the letter funded, in whole or in part, a liability to Hertz incurred post-petition (for the post-petition use of motor vehicles), the debt to Hertz, and the substituted debt to the Bank, may have been incurred in the ordinary course of business under Section 364(a), supra. If so, the debt may have been properly payable as an expense of administration [11 U.S.C. § 364(a), supra].

However, as pointed out previously, post-petition interest is generally not payable, and is not to be paid if payment were to affect the distributive scheme of the Bankruptcy Code. That scheme requires that the principal of all administrative expense claims be paid, in full, prior to the payment of interest upon any. The parties' Stipulation does *not* state that the principal of all Chapter 11 administrative expense claims have been paid.

Accordingly, I see no justification in the law which permits, in the factual context of this case, the Bank to keep any of the interest herein involved against the Section 549 attack by the Trustee. A separate judgment is being entered this date upon the Complaint, in Trustee's favor.